IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| EMMA JO PAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:19-cv-2673-DCN |
| vs. | ) | |
| | ) | **Order** |
| HEATHER JOHNSON, | ) | |
| SAFECO INSURANCE, and LIBERTY | ) | |
| MUTUAL INSURANCE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The following matter is before the court on defendants First National Insurance Company's ("FNIC"), Safeco Insurance's ("Safeco"), and Liberty Mutual Insurance's ("Liberty Mutual") (collectively, "the insurer defendants") motion to sever and dismiss, ECF No. 5, and Safeco's and Liberty Mutual's motion for a protection order, ECF No. 6. For the reasons set forth below, the court grants the motion to dismiss, finds as moot the motion for protective order, and remands the remaining claims to state court.

## I. BACKGROUND

This case arises from a car accident. Plaintiff Emma Jo Page ("Page") alleges that she was struck by defendant Heather Johnson ("Johnson") at the intersection of Thomas Street and Ronald McNair Boulevard in Florence County. Page's first cause of action alleges negligence against Johnson. Strangely, Page's second cause of action alleges bad faith against Safeco and Liberty Mutual as Johnson's insurers. Safeco and Liberty Mutual removed the case to this court on September 20, 2019. ECF No. 1. Stranger yet, the same day, defendants filed a motion to dismiss in this action, claiming that FNIC is in fact Johnson's insurer but was misidentified in Page's complaint as Liberty Mutual and

1

Safeco.  ECF No. 5.  On the same day, Liberty Mutual and Safeco filed a motion for a protective order.  ECF No. 6.  Plaintiff has not responded to the instant motions or otherwise appeared in this matter since the action was removed.

## II.  STANDARD

### A.  Motion to Dismiss

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.").  To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir.1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

　　B. **Motion for Protective Order**

Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense." "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense" by forbidding or limiting the scope of discovery. Fed. R. Civ. P. 26(c)(1). "The scope and conduct of discovery are within the sound discretion of the district court." Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co., 56 F.3d 556, 568 n.16 (4th Cir. 1995); see also U.S. ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (stating district courts are afforded "substantial discretion . . . in managing discovery").

"The party moving for a protective order bears the burden of establishing good cause." Webb v. Green Tree Servicing, LLC, 283 F.R.D. 276, 278 (D. Md. 2012). "Normally, in determining good cause, a court will balance the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production." UAI Tech., Inc. v. Valutech, Inc., 122 F.R.D. 188, 191 (M.D.N.C. 1988). In other words, the district court "must weigh the need for the information versus the harm in producing it." A Helping Hand, LLC v. Baltimore Cty., Md., 295 F. Supp. 2d 585, 592 (D. Md. 2003) (quoting Valutech, 122 F.R.D. at 191). The district court, however, is afforded broad discretion "to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

3

## III. DISCUSSION

### A. Motion to Sever and Dismiss

The insurer defendants ask the court to sever the claims against them from the claims against Johnson and dismiss them. Because the court does not need to sever the claims to dismiss the insurer defendants from the lawsuit, the court interprets the motion to sever and dismiss as simply one to dismiss. The insurer defendants argue that Page has failed to state a claim against them because she has no standing to bring her bad faith claim, the sole cause of action alleged against the insurer defendants. The court agrees.

In South Carolina, the elements of bad faith refusal to pay are: (1) the existence of a contract of insurance between the parties; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action; and (4) causing damage to the insured. Howard v. State Farm Mut. Auto. Ins. Co., 450 S.E.2d 582, 586 (S.C. 1994). South Carolina does not recognize third-party bad faith claims. See Kleckley v. Nw. Nat. Cas. Co., 526 S.E.2d 218, 219 (S.C. 2000) ("This Court and the Court of Appeals have repeatedly denied actions for bad faith refusal to pay claims to third parties who are not named insureds.") (citing Carter v. American Mut. Fire Ins. Co., 307 S.E.2d 227 (1983); Cook v. Mack's Transfer & Storage, 352 S.E.2d 296 (Ct. App. 1986); Swinton v. Chubb & Son, Inc., 320 S.E.2d 495 (Ct. App. 1984).

Page's Second Amended Complaint alleges bad faith as a cause of action against Safeco and Liberty Mutual. ECF No. 1-1 at ¶¶ 30–31. FNIC joined the other insurer defendants in the instant motion to dismiss, conceding that it, not Safeco or Liberty Mutual, is Johnson's insurer. For the purposes of the motion to dismiss, however, the question of which party insures Johnson is immaterial because Page cannot make out a

bad faith claim against another individual's insurer. Page's bad faith cause of action alleges the defendants' failure to comply with S.C. Code Ann. § 38-59-20, which outlines proper and improper insurance claim practices. It is well settled, however, that § 38-59-20 does not create a private cause of action for third parties to the insurance relationship in South Carolina. See Masterclean, Inc. v. Star Ins. Co., 556 S.E.2d 371, 377 (S.C. 2001) ("Third parties do not have a private right of action under S.C. Code Ann. § 38–59–20."). Therefore, to the extent that Page alleges a claim against the insurer defendants under this statute, such a claim fails as a matter of law. Giving every benefit to Page as the non-moving party, the court will interpret this claim as a traditional bad faith claim under state common law. Unfortunately, the result for Page is no different.

Page's bad faith cause of action fails to allege facts that satisfy the elements of a proper bad faith claim under state common law. The complaint alleges that Johnson, Safeco and Liberty Mutual "were in a contractual relationship as insurer and insured." Id. at ¶ 5. A bad faith claim under South Carolina law, however, requires that the plaintiff, not the defendant, be in a contractual relationship with the insurer. Page's complaint fails to allege a contractual relationship between her and any of the insurer defendants. Therefore, as a third party to the alleged insurance contract, Page cannot bring a bad faith claim against Johnson's insurer, be it Safeco, Liberty Mutual, or FNIC. Thus, the court grants the insurer defendants' motion to dismiss and dismisses those parties from the lawsuit.

### B. Motion for Protective Order

Safeco and Liberty Mutual filed a motion for a protective order seeking protection from discovery in this matter. Because this order dismisses them from the lawsuit,

Safeco and Liberty Mutual's motion for a protective order would serve no purpose and is thus moot.

### C. Remaining Claims

Page's complaint also alleges negligence against Johnson.[1] Negligence is a state law cause of action, and therefore the court does not have federal subject matter jurisdiction over the claim under 28 U.S.C. § 1331. The Second Amended Complaint alleges that both Page and Johnson are citizens of South Carolina; therefore, the court does not have federal subject matter jurisdiction over the claim under 28 U.S.C. § 1332. Thus, the court does not have subject matter jurisdiction over Page's remaining claims against Johnson, necessitating remand of the matter to state court. For these reasons, the court remands Page's remaining claims to state court for adjudication.

---

[1] Page's complaint alleges other causes of action against Johnson for "discovery", "attorney fees", and "punitive damages". The court need not fully evaluate the merits of these causes of action because they are more properly resolved in state court. The court merely finds here that those causes of action, their validity aside, do not implicate federal jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to dismiss, **FINDS AS MOOT** the motion for protective order, and **REMANDS** the remaining claims to state court for further adjudication.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**October 29, 2019
Charleston, South Carolina**